## S. A. Hayward v. Frank Scott.

1. ASSIGNMENT OF ERROR—*when, cannot be based upon ruling of court.* A ruling of court which was predicated upon the statement of complaining counsel cannot be assigned by him as error.

2. LEADING QUESTION—*when, improper.* A leading question asked upon the direct examination of a witness for the purpose of anticipating a defense is improper and an objection thereto is properly sustained.

3. CROSS-EXAMINATION—*extent of.* A more liberal rule prevails in the cross-examination of a witness than in his direct examination and a question which may be improper upon direct may .nevertheless be proper upon cross.

4. EVIDENCE—*when inducement is competent.* Where certain evidence is sought to be introduced which is material to the issue, other evidence, incidental thereto and which is necessary in order properly to explain such material evidence, is, likewise, competent.

5. "IF YOU BELIEVE FROM THE EVIDENCE"—*what equivalent to.* The expression, "If you find that the evidence bearing upon plaintiff's case," held, equivalent to "If you believe from the evidence."

Action of assumpsit. Appeal from the Circuit Court of Tazewell County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

W. R. CURRAN, for appellant.

JESSE BLACK, JR., for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by appellant against appellee, to recover damages for a failure to deliver 3,500 bushels of white corn, claimed to have been purchased by appellant, on May 29, 1903, for forty cents per bushel. To

the declaration, consisting of two special counts, the common counts and account stated, defendant pleaded the general issue, and thereupon the cause was tried by a jury, resulting in a verdict for the defendant, upon which the court entered judgment against plaintiff for costs.

Plaintiff contended that the contract for the sale and delivery to him of the corn, was unconditional, while defendant contended that the contract gave him the option to call the sale off at the end of the week, if the weather was bad. We are unable to say that the conclusion arrived at by the jury, upon the issue of fact involved, was not warranted by the evidence.

Numerous errors are assigned on the record, in the admission and exclusion of evidence and in the giving and refusing of instructions.

On the trial, plaintiff offered to show that he was obliged to buy elsewhere a like quantity of corn, in lieu of the corn he claimed to have purchased from defendant, and was compelled to pay therefor the then market price of forty-four and one-half cents a bushel. This evidence was competent under the averments of one of the counts of plaintiff's declaration, but when the same was offered, the court asked counsel for plaintiff whether there were any special damages, to which counsel for plaintiff replied, " We allege no *special* damages except the fact is averred that he had to buy corn to take the place of that corn and that he was thereby damaged so much." The court then said : " It is a case of the difference between the contract price and the market value." Counsel for plaintiff replied, " Yes, sir," thus limiting the measure of damages to the difference between the contract price and the market value. It was conceded that the market price of corn had advanced four and one-half cents per bushel, and this was, even under the pleadings, the full measure of damages recoverable in the case, no other special damages being alleged. Whether the measure of damages was established by proof that plaintiff bought 3,500 bushels of corn at forty-four and one-half cents or by proof that the difference between the contract price

Hayward v. Scott.

and the market value was four and one-half cents, became immaterial except as an abstract proposition, the damages being the same ascertained by either method. In the face of the statements by counsel for plaintiff, above quoted, and upon which the ruling by the court was manifestly predicated, error cannot be assigned upon such ruling.

On direct examination of plaintiff, he was asked the following question: ' "You may state whether or not in that conversation anything was said either by you or Scott to the effect that if the weather interfered the contract would be called off?" The question was objected to as leading, and the objection was sustained. The ruling by the court on this objection was right. The question would have been competent in rebuttal, but was clearly leading on direct examination by plaintiff's counsel of his own witness, and was evidently propounded in anticipation of the defendant's defense. For the same reasons, the objection to a similar question asked the witness Hild, on his direct examination, was properly sustained. That the question was improper on direct examination, did not make it improper on cross-examination. It is elementary that a more liberal rule prevails in the cross-examination of a witness, than in direct examination.

It is urged that the witness Roos, called on behalf of defendant, was permitted, over plaintiff's objection, to give opinion evidence as to the true interpretation of the contract between plaintiff and defendant. This is a misapprehension of the purpose and effect of the testimony of the witness. Mere voluntary statements of a third party, with reference to the subject-matter of the controversy between plaintiff and defendant, would not be competent; but where, as in this case, it was sought to prove a statement by plaintiff, alleged to be in the nature of an admission, made in answer to a question addressed to him by such third party (Roos), it became necessary, in order to make such answer intelligible, that the question propounded by Roos should be known to the jury, although such question incidentally involved the expression of his opinion as to the true inter-

pretation of the contract. The question asked the witness was eminently proper. If his answer was in part not responsive or incompetent, it devolved upon counsel to move the court to strike out such portion and obtain a ruling by the court on such motion.

We have considered in detail all of the other errors assigned on the rulings of the court in the admission and exclusion of evidence, and are of the opinion that they are not tenable.

Plaintiff's third refused instruction, laying down rules to be applied by the jury in determining the preponderance of the evidence, and in weighing the evidence of witnesses, was substantially covered by plaintiff's second and fourth and defendant's second given instruction. Plaintiff's eighth refused instruction was covered by his seventh given instruction. Plaintiff's ninth refused instruction was properly refused as laying down an incorrect measure of damages.

Defendant's first given instruction is as follows: "The court instructs you, as a matter of law, that the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence. If you find that the evidence bearing upon plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff cannot recover, and you should find for the defendant." This instruction is criticised because of its use of the expression, "find that the evidence bearing upon the plaintiff's case." It is insisted that the instruction omits the necessary words, "if you believe from the evidence," or "in that state of the proof," and directs the consideration of the jury to the evidence "bearing upon the plaintiff's case" instead of the evidence "bearing upon the whole case." The use of the expression "believe from the evidence" in the concluding sentence of this instruction, thus, "if you believe from the evidence that the evidence bearing upon the plaintiff's case," etc., would be mere tautology, and tend to confuse rather than otherwise. The expression "bearing upon the plaintiff's case," is equivalent to "bearing upon the plaintiff's cause of action," the only matter in

controversy, and was manifestly so understood by the jury. We do not regard the instruction as erroneous, for the reasons urged.

The instructions considered as a series, fully and fairly advised the jury as to the law of the case, and the record being free from prejudicial error, the judgment is affirmed.

*Affirmed.*

Hon. GEORGE W. BROWN, late presiding justice of this court, took no part in the consideration of this case.